The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CITY OF SEATTLE,<br><br>        Plaintiff,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States; UNITED STATES OF AMERICA; PAMELA BONDI, in her official capacity as Attorney General of the United States; UNITED STATES DEPARTMENT OF JUSTICE; OFFICE OF FEDERAL CONTRACTS COMPLIANCE PROGRAMS; CATHERINE ESCHBACH, in her official capacity as Director of Office of Federal Contracts and Compliance Programs; OFFICE OF MANAGEMENT AND BUDGET; RUSSELL VOUGHT, in his official capacity as Director of the Office of Management and Budget; U.S. DEPARTMENT OF TRANSPORTATION; SEAN DUFFY, in his official capacity as the Secretary of Transportation; FEDERAL TRANSIT ADMINISTRATION; TARIQ BOKHARI, in his official capacity as Acting Administrator of the Federal Transit Administration; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; SCOTT TURNER, in his official capacity as Secretary of Housing and Urban Development; and | No. 2:25-cv-01435-BJR<br><br>DECLARATION OF JEFFREY B. COOPERSMITH IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

DECLARATION OF JEFFREY B. COOPERSMITH – 1
(Case No. 2:25-cv-01435-BJR)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

DOES 1–100,

                Defendants.

I, Jeffrey B. Coopersmith, pursuant to 28 U.S.C. § 1746, declare and certify that:

1. I am a partner at Corr Cronin LLP, a member of the Washington State Bar and this Court, and an attorney representing the City of Seattle in this case. I make this declaration and certification based on my personal knowledge and am competent to testify to the matters set forth herein.

2. On August 6, 2025, I caused my staff to serve each defendant with a copy of the Complaint in this case, in addition to serving the Attorney General for the United States, via certified mail.

3. On August 7, 2025, I emailed the attorneys who were involved in a related case, *King County et al. v. Turner et al.*, No. 2:25-CV-00814-BJR ("*Turner*"), to inform them that we intended to file a motion for preliminary injunction the following week. Per the Court's Standing Order For All Civil Cases, I requested that counsel for Defendants let us know when they were available for a meet and confer.

4. On August 8, 2025, Assistant United States Attorney Rebecca S. Cohen, the Chief of the Civil Division of the U.S. Attorney's Office for the Western District of Washington, replied that counsel for Defendants would "be in touch early next week to schedule a time to meet and confer" and would inform us who from the Department of Justice would serve as counsel at that time.

5. In the early evening of August 13, 2025, I emailed AUSA Cohen and the other attorneys copied on my August 7 email to ask whether the government would be available on the morning of August 14, 2025 for a meeting to confer about the matter.

DECLARATION OF JEFFREY B. COOPERSMITH – 2
(Case No. 2:25-cv-01435-BJR)

Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

6. On August 14, 2025, AUSA Annalisa Cravens confirmed that the government would accept service of Seattle's preliminary injunction motion via email. I responded to AUSA Cravens by email the same day, and informed the government that the City of Seattle intended to move to enjoin the application to it of Section 3(b)(iv) of Executive Order No. 14173, "Ending Illegal Discrimination and Restoring Merit-Based Opportunity"; and Section 3(g) of Executive Order No. 14168, "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government."

7. AUSA Cravens responded, also on August 14, 2025, that she needed to confer with the Federal Programs Branch at DOJ headquarters. On August 15, 2025, I spoke by phone with AUSA Cravens and AUSA Sarah Bishop. AUSA Cravens explained to me that she was working with the Office of Federal Programs and the D.C. Department of Justice to work out a proposal that could avoid the need for a preliminary injunction. AUSA Cravens could not provide any further information about the proposal on August 15, but informed me that she needed until Wednesday, August 20, 2025, to complete her discussions with the Federal Programs Branch and the Civil Division's appellate staff. The City of Seattle agreed to hold off on filing the preliminary injunction motion to give the government the time it requested.

8. I spoke to AUSAs Cravens and Bishop again on the afternoon of August 20, 2025. The government outlined its proposal, and AUSA Bishop followed up with a draft stipulation, which proposed a stay of the claims against DOT pending the outcome of *Turner*. The government's proposal did not obviate the need for a preliminary injunction motion. It covered only one of the Defendants, the federal Department of Transportation ("DOT") and DOT Secretary Sean Duffy, although the government informed me on the August 20 call that they might be able to include the Department of Housing and Urban Development ("HUD") as well. The government's draft stipulation proposed to treat the City of Seattle as if it were a plaintiff in *Turner*, but only with respect to DOT and Secretary Duffy, and ignored that the City of Seattle's claims in

DECLARATION OF JEFFREY B. COOPERSMITH – 3
(Case No. 2:25-cv-01435-BJR)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900

the present case are broader than those in *Turner*. On August 25, 2025, the government informed me by email that it would also include HUD in this proposal.

9.  On August 22, 2025, I sent a counterproposal to the government on behalf of the City of Seattle. Under the counterproposal, DOT (and HUD as well in light of the government's August 25 email) would agree to entry of a preliminary injunction on all of the City of Seattle's claims against them, not just those addressed in *Turner*, and the parties would retain the right to argue that a Ninth Circuit or Supreme Court decision in the *Turner* case, or any decision by those appellate courts in this case, would be grounds for this Court to dissolve or modify the preliminary injunction. The government declined this counterproposal on August 25, 2025. At all times, the government declined to include any defendants other than DOT and HUD in any agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26th day of August, 2025, in Seattle, Washington.

*s/ Jeffrey B. Coopersmith*
Jeffrey B. Coopersmith

DECLARATION OF JEFFREY B. COOPERSMITH – 4
(Case No. 2:25-cv-01435-BJR)

**CORR CRONIN LLP**
1015 Second Avenue, Floor 10
Seattle, Washington 98104-1001
Tel (206) 625-8600
Fax (206) 625-0900